# Supreme Court of Florida

_____

No. SC17-458

_____

## IN RE: AMENDMENTS TO THE RULES REGULATING THE FLORIDA BAR – RULES 4-1.2 AND 4-6.6.

[October 19, 2017]

PER CURIAM.

This matter is before the Court on the petition of The Florida Bar (Bar) proposing amendments to the Rules Regulating the Florida Bar (Bar Rules). See R. Regulating Fla. Bar 1-12.1. We have jurisdiction. See art. V, § 15, Fla. Const.

The Bar proposes amendments to Bar Rule 4-1.2 (Objectives and Scope of Representation) and proposes the adoption of new Bar Rule 4-6.6 (Short-Term Limited Legal Services Programs). The proposals were approved by the Board of Governors, and formal notice of the proposed amendments was published in The Florida Bar News. The Court received one comment in support of the proposals from the Florida Project Directors Association. The Bar did not file a response to the comment.

After considering the Bar's petition and the Florida Project Directors Association's comment, we adopt new rule 4-6.6 and the amendments to rule 4-1.2, as proposed by the Bar. New Bar Rule 4-6.6 relaxes application of the conflicts rules 4-1.7 (Conflict of Interest; Current Clients), 4-1.9(a) (Conflict of Interest; Former Client), and 4-1.10 (Imputation of Conflicts of Interest; General Rule) when a lawyer provides limited representation through a nonprofit organization, court, government agency, bar association, or American Bar Association-accredited law school. We amend Rule 4-1.2 to add language exempting a lawyer who gives advice in a short-term limited legal services program under new Bar Rule 4-6.6 from the requirement that a client's informed consent to representation limited in objectives or scope must be in writing. These rules are intended to encourage lawyers to engage in these limited representations, which will increase access to justice at a time when legal aid funding and staff cannot accommodate all individuals who need legal representation.

Accordingly, the Rules Regulating the Florida Bar are amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The comments are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective November 20, 2017.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Rules Regulating The Florida Bar

John F. Harkness, Jr., Executive Director, William J. Schifino, Jr., President, Michael J. Higer, President-elect, Lori S. Holcomb, Director, Division of Ethics and Consumer Protection, Elizabeth Clark Tarbert, Ethics Counsel, The Florida Bar, Tallahassee, Florida,

    for Petitioner

Linda Harradine, President, Project Directors Association, Sarasota, Florida,

    Responding with Comments

**RULE 4-1.2**  **OBJECTIVES AND SCOPE OF REPRESENTATION**

      **(a)**  **Lawyer to Abide by Client's Decisions.**  Subject to subdivisions (c) and (d), a lawyer ~~shall~~must abide by a client's decisions concerning the objectives of representation, and, as required by rule 4-1.4, ~~shall~~must reasonably consult with the client as to the means by which they are to be pursued.  A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation.  A lawyer ~~shall~~must abide by a client's decision whether to settle a matter.  In a criminal case, the lawyer ~~shall~~must abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial, and whether the client will testify.

      **(b)**  **[No Change]**

      **(c)**  **Limitation of Objectives and Scope of Representation**.  If not prohibited by law or rule, a lawyer and client may agree to limit the objectives or scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent in writing, <u>except that a lawyer giving advice in a short-term limited legal services program under rule 4-6.6 is not required to obtain the consent in writing</u>.  If the ~~attorney~~<u>lawyer</u> and client agree to limit the scope of the representation, the lawyer ~~shall~~<u>must</u> advise the client regarding applicability of the rule prohibiting communication with a represented person.

      **(d)**  **Criminal or Fraudulent Conduct**.  A lawyer ~~shall~~<u>must</u> not counsel a client to engage, or assist a client, in conduct that the lawyer knows or reasonably should know is criminal or fraudulent.  However, a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning, or application of the law.

**Comment**

**Allocation of authority between client and lawyer**

      Subdivision (a) confers ~~up~~on the client the ultimate authority to determine the purposes to be served by legal representation, within the limits imposed by law and the lawyer's professional obligations.  Within those limits, a client also has a right to consult with the lawyer about the means to be used in pursuing those

objectives.  At the same time, a lawyer is not required to pursue objectives or employ means simply because a client may wish that the lawyer do so.  A clear distinction between objectives and means sometimes cannot be drawn, and in many cases the client-lawyer relationship partakes of a joint undertaking.  In questions of means, the lawyer should assume responsibility for technical and legal tactical issues but should defer to the client regarding such questions as the expense to be incurred and concern for third persons who might be adversely affected.  Law defining the lawyer's scope of authority in litigation varies among jurisdictions.  The decisions specified in subdivision (a), such as whether to settle a civil matter, must also be made by the client.  See rule 4-1.4(a)(1) for the lawyer's duty to communicate with the client about ~~such~~these decisions.  With respect to the means by which the client's objectives are to be pursued, the lawyer ~~shall~~must consult with the client as required by rule 4-1.4(a)(2) and may take ~~such~~ action as is impliedly authorized to carry out the representation.

On occasion, however, a lawyer and a client may disagree about the means to be used to accomplish the client's objectives.  The lawyer should consult with the client and seek a mutually acceptable resolution of the disagreement.  If ~~such~~these efforts are unavailing and the lawyer has a fundamental disagreement with the client, the lawyer may withdraw from the representation.  See rule 4-1.16(b)(4).  Conversely, the client may resolve the disagreement by discharging the lawyer. See rule 4-1.16(a)(3).

At the outset of a representation, the client may authorize the lawyer to take specific action on the client's behalf without further consultation.  Absent a material change in circumstances and subject to rule 4-1.4, a lawyer may rely on ~~such~~the ~~an~~ advance authorization.  The client may, however, revoke ~~such~~this authority at any time.

In a case in which the client appears to be suffering mental disability, the lawyer's duty to abide by the client's decisions is to be guided by reference to rule 4-1.14.

**Independence from client's views or activities**

[No Change]

**Agreements limiting scope of representation**

The scope of services to be provided by a lawyer may be limited by agreement with the client or by the terms under which the lawyer's services are made available to the client. When a lawyer has been retained by an insurer to represent an insured, for example, the representation may be limited to matters related to the insurance coverage. A limited representation may be appropriate because the client has limited objectives for the representation. In addition, the terms ~~upon~~ which representation is undertaken may exclude specific means that might otherwise be used to accomplish the client's objectives. ~~Such limitations~~Limitations may exclude actions that the client thinks are too costly or that the lawyer regards as repugnant or imprudent, or which the client regards as financially impractical.

Although this rule affords the lawyer and client substantial latitude to limit the representation if not prohibited by law or rule, the limitation must be reasonable under the circumstances. If, for example, a client's objective is limited to securing general information about the law the client needs in order to handle a common and typically uncomplicated legal problem, the lawyer and client may agree that the lawyer's services will be limited to a brief consultation. ~~Such a~~This limitation, however, would not be reasonable if the time allotted was not sufficient to yield advice upon which the client could rely. In addition, a lawyer and client may agree that the representation will be limited to providing assistance out of court, including providing advice on the operation of the court system and drafting pleadings and responses. If the lawyer assists a pro se litigant by drafting any document to be submitted to a court, the lawyer is not obligated to sign the document. However, the lawyer must indicate "Prepared with the assistance of counsel" on the document to avoid misleading the court which, otherwise might be under the impression that the person, who appears to be proceeding pro se, has received no assistance from a lawyer. If not prohibited by law or rule, a lawyer and client may agree that any in-court representation in a family law proceeding be limited as provided for in Family Law Rule of Procedure 12.040. For example, a lawyer and client may agree that the lawyer will represent the client at a hearing regarding child support and not at the final hearing or in any other hearings. For limited in-court representation in family law proceedings, the ~~attorney shall~~lawyer must communicate to the client the specific boundaries and limitations of the representation so that the client is able to give informed consent to the representation.

Regardless of the circumstances, a lawyer providing limited representation forms ~~an attorney~~ a client-lawyer relationship with the litigant, and owes the client all attendant ethical obligations and duties imposed by the Rules Regulating The

Florida Bar, including, but not limited to, duties of competence, communication, confidentiality and avoidance of conflicts of interest. Although an agreement for limited representation does not exempt a lawyer from the duty to provide competent representation, the limitation is a factor to be considered when determining the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation. See rule 4-1.1.

An agreement concerning the scope of representation must accord with the Rules of Professional Conduct and law. For example, the client may not be asked to agree to representation so limited in scope as to violate rule 4-1.1 or to surrender the right to terminate the lawyer's services or the right to settle litigation that the lawyer might wish to continue.

**Criminal, fraudulent, and prohibited transactions**

[No Change]

## RULE 4-6.6 SHORT-TERM LIMITED LEGAL SERVICES PROGRAMS

(a) A lawyer who, under the auspices of a program sponsored by a nonprofit organization, court, government agency, bar association or an American Bar Association-accredited law school, provides short-term limited legal services to a client without expectation by either the lawyer or the client that the lawyer will provide continuing representation in the matter:

(1) is subject to rules 4-1.7 and 4-1.9(a) only if the lawyer knows that the representation of the client involves a conflict of interest; and

(2) is subject to rule 4-1.10 only if the lawyer knows that another lawyer associated with the lawyer in a law firm is disqualified by rule 4-1.7 or 4-1.9(a) with respect to the matter.

(b) Except as provided in subdivision (a)(2), rule 4-1.10 is inapplicable to a representation governed by this rule.

**Comment**

Legal services organizations, courts, government agencies, local and voluntary bar associations, law schools and various nonprofit organizations have established programs through which lawyers provide short-term limited legal services, such as advice or the completion of legal forms, that will assist persons to address their legal problems without further representation by a lawyer. In these programs, such as legal-advice hotlines, advice-only clinics or pro se counseling programs, a client-lawyer relationship is established, but there is no expectation that the lawyer's representation of the client will continue beyond the limited consultation. These programs are normally operated under circumstances in which it is not feasible for a lawyer to systematically screen for conflicts of interest as is generally required before undertaking a representation. See, e.g., rules 4-1.7, 4-1.9 and 4-1.10.

A lawyer who provides short-term limited legal services under this rule must obtain the client's informed consent to the limited scope of the representation. See rule 4-1.2(c). However, a lawyer is not required to obtain the consent in writing. Id. If a short-term limited representation would not be reasonable under the circumstances, the lawyer may offer advice to the client but must also advise the client of the need for further assistance of counsel. Except as provided in this rule, the Rules of Professional Conduct, including rules 4-1.6 and 4-1.9(b) and (c), are applicable to the limited representation.

Because a lawyer who is representing a client in the circumstances addressed by this rule ordinarily is not able to check systematically for conflicts of interest, subdivision (a) requires compliance with rules 4-1.7 or 4-1.9(a) only if the lawyer knows that the representation presents a conflict of interest for the lawyer, and with rule 4-1.10 only if the lawyer knows that another lawyer in the lawyer's firm is disqualified by rules 4-1.7 or 4-1.9(a) in the matter.

Because the limited nature of the services significantly reduces the risk of conflicts of interest with other matters being handled by the lawyer's firm, subdivision (b) provides that rule 4-1.10 is inapplicable to a representation governed by this rule except as provided by subdivision (a)(2). Subdivision (a)(2) requires the participating lawyer to comply with rule 4-1.10 when the lawyer knows that the lawyer's firm is disqualified by rules 4-1.7 or 4-1.9(a). Because of subdivision (b), however, a lawyer's participation in a short-term limited legal services program will not preclude the lawyer's firm from undertaking or continuing the representation of a client with interests adverse to a client being represented under the program's auspices. Nor will the personal disqualification of

a lawyer participating in the program be imputed to other lawyers participating in the program.

If, after commencing a short-term limited representation in accordance with this rule, a lawyer undertakes to represent the client in the matter on an ongoing basis, rules 4-1.7, 4-1.9(a) and 4-1.10 become applicable.